| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date and Time: |
| In re:<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11 Case No. 08-13555<br>(JMP) (Jointly Administered) |
| VEYANCE TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>-v-<br><br>LEHMAN BROTHERS SPECIAL FINANCING, INC.,<br><br>Defendant. | Adv. Proc. No. 09-01535 (JMP) |

**PLAINTIFF'S EXPEDITED MOTION FOR WITHDRAWAL
OF THE REFERENCE AND MEMORANDUM OF LAW IN SUPPORT**

Latham & Watkins LLP
885 Third Avenue
Suite 1000
New York, New York 10022
(212) 906-1200
Attorneys for Veyance Technologies, Inc.

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ............................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND ......................................................... 2

RELIEF REQUESTED ........................................................................................................ 3

BASIS FOR RELIEF REQUESTED .................................................................................. 3

    I.    THE DISTRICT COURT SHOULD WITHDRAW THE REFERENCE FOR THE ADVERSARY PROCEEDING UNDER SECTION 157 OF THE BANKRUPTCY CODE AND GOVERNING CASE LAW ......................... 3

        A.    The Reference Should Be Withdrawn Because The Complaint Raises State Contract Law Issues That Constitute Non-Core Claims ........................................................................................................ 4

        B.    Withdrawal Of The Reference Will Enhance Judicial Economy, Preserve The Resources Of The Parties And Avoid Duplicative Litigation ........................................................................................................ 8

WAIVER OF ACCOMPANYING MEMORANDUM OF LAW .................................... 10

NOTICE .............................................................................................................................. 10

PRAYER FOR RELIEF ..................................................................................................... 11

# TABLE OF AUTHORITIES

**CASES**

*Durso Supermarkets, Inc. v. D'Urso,*
  170 B.R. 211 (S.D.N.Y. 1994) ............................................................................. 7, 9, 10

*J. Baranello & Sons, Inc. v. Baharestani (In re J. Baranello & Sons, Inc.),*
  149 B.R. 19 (Bankr. E.D.N.Y. 1992) ............................................................................. 5

*J.T. Moran Fin. Corp. v. American Consol. Fin. Corp.,*
  124 B.R. 931 (S.D.N.Y. 1991) ............................................................................. 5, 7

*LTV Steel Co. v. City of Buffalo,*
  2002 WL 484950 (S.D.N.Y. Mar. 29, 2002) ............................................................................. 5

*M. Fabrikant & Sons, Inc. v. Long's Jewelers Ltd.,*
  2008 WL 2596322 (S.D.N.Y. June 26, 2008) ............................................................................. 6, 9, 10

*NDEP Corp. v. Handl-It, Inc.,*
  203 B.R. 905 (D. Del. 1996) ............................................................................. 7, 8, 10

*Northern Pipeline Constr. Co. v. Marathon Pipeline Co.,*
  458 U.S. 50 (1982) ............................................................................. 2, 6, 7

*Northwest Airlines, Inc. v. City of Los Angeles.,*
  384 B.R. 51 (S.D.N.Y. 2008) ............................................................................. 3

*Orion Pictures Corp. v. Showtime Networks, Inc.,*
  4 F.3d 1095 (2d Cir. 1993) ............................................................................. 3, 4, 6, 8

*Private Capital Partners, Inc. v. RVI Guaranty Co. (In re Private Capital Partners, Inc.),*
  139 B.R. 120 (Bankr. S.D.N.Y. 1992) ............................................................................. 7

*United Orient Bank v. Green,*
  200 B.R. 296 (S.D.N.Y. 1996) ............................................................................. 5, 10

*Wechsler v. Squadron, Ellenoff, Plesent & Sheinfeld LLP,*
  201 B.R. 635 (S.D.N.Y. 1996) ............................................................................. 4, 6, 8

**RULES**

28 U.S.C. § 157 ............................................................................. 5

28 U.S.C. § 157(c)(1) ............................................................................. 9

28 U.S.C. § 157(d) ............................................................................. 1, 4

Fed. R. Bankr. P. 5011 ............................................................................. 1, 4

Fed. R. Bankr. P. 9033(d) ................................................................................................ 5

Fed. R. Civ. P. 7.1 ........................................................................................................... 10

Local Bankr. Rule 5011-1 ................................................................................................ 1

Local Bankr. Rule 9013-1(b) .......................................................................................... 10

Plaintiff Veyance Technologies, Inc. ("Veyance"), by and through its undersigned counsel, hereby files this motion (the "Motion to Withdraw the Reference") pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 5011-1[1] of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), seeking an order withdrawing the reference for this non-core adversary proceeding (the "Adversary Proceeding") from the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") so that it may be properly resolved by the United States District Court for the Southern District of New York (the "District Court"). In support of its Motion to Withdraw the Reference, Veyance respectfully represents as follows:

## PRELIMINARY STATEMENT

1. Concurrently with its Motion to Withdraw the Reference, Veyance filed a complaint seeking, *inter alia*, declaratory and injunctive relief preventing Lehman Brothers Special Financing Inc. ("LBSF") from declaring a default and seeking damages under a nonexistent contract (the "Complaint"). The central issue raised in the Complaint is whether unsuccessful negotiations that took place between Veyance and LBSF from May to September 2008 over the terms of a proposed interest rate swap transaction gave rise to a binding and enforceable contract between the parties, notwithstanding (i) Veyance's refusal to execute the draft written document purporting to memorialize the proposed transaction's terms and

---

[1] Local Rule 5011-1 provides that "[a] motion for withdrawal of the reference shall be filed with the Clerk of the Bankruptcy Court. The movant is then required to file with the Clerk of the District Court a copy of the motion, the receipt for payment of the filing fee, three copies of the District Court Civil Cover Sheet, and a copy of any corporate ownership statement previously filed . . . . The movant shall then file with the Clerk of the Bankruptcy Court a statement indicating the Civil Case Number and the District Court Judge assigned to the matter. All subsequent papers relating to the motion shall be filed with the Clerk of the District Court."

conditions (the "Draft Confirmation"); and (ii) express language in the Draft Confirmation unequivocally establishing that the document would "constitute a legally valid and binding obligation" only "upon due execution and delivery," which never occurred. Accordingly, the resolution of the issues raised in the Complaint will turn on New York state laws relating to contract formation and interpretation—and will not implicate federal bankruptcy laws whatsoever.

2. As New York courts have consistently held, adversary proceedings that turn on state contract law constitute non-core proceedings that are uniquely suited for resolution by a district court. *See* discussion at ¶ 12, *infra*. Indeed, the Supreme Court's landmark decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50 (1982), which prompted the legislative restrictions on the Bankruptcy Court's jurisdiction codified in section 157 of the Bankruptcy Code, involved state law contract claims comparable to those at issue in the Complaint. Moreover, withdrawing the reference for the Adversary Proceeding would have no effect on the uniform administration of the bankruptcy laws; would accomplish significant gains to judicial economy and speed by avoiding the duplication of litigation in both the Bankruptcy Court and the District Court, which would review any Bankruptcy Court findings on this non-core matter *de novo*; and is particularly appropriate given the Complaint's jury trial demand in this non-core matter. Accordingly, this Court should exercise its power to withdraw the reference with respect to the claims asserted in the Adversary Proceeding.

## FACTUAL AND PROCEDURAL BACKGROUND

3. Veyance respectfully refers the Court to the facts and procedural background set forth in the Complaint, attached hereto as Exhibit A.

## RELIEF REQUESTED

4.  Veyance respectfully requests that this Court withdraw the reference to the Bankruptcy Court with respect to the Adversary Proceeding and adjudicate the merits of the claims raised in the Complaint.

5.  Veyance further requests that this Motion be decided on an expedited basis. The first payment under the Draft Confirmation would be due on December 11, 2009, and LBSF has refused to refrain from declaring an event of default until the court can determine whether a contract exists. Once this Court's ruling on the Motion to Withdraw the Reference determines the forum in which the claims raised in the Complaint will be adjudicated, Veyance intends to file a motion for a preliminary injunction to prevent LBSF from declaring an event of default until that Court can determine whether a contract exists. Accordingly, Veyance respectfully requests that this Motion be determined on an expedited basis to allow the preliminary injunction motion to be heard on a timely basis.

## BASIS FOR RELIEF REQUESTED

### I. THE DISTRICT COURT SHOULD WITHDRAW THE REFERENCE FOR THE ADVERSARY PROCEEDING UNDER SECTION 157 OF THE BANKRUPTCY CODE AND GOVERNING CASE LAW

6.  This Adversary Proceeding implicates exactly the type of state contract law claims that courts in this jurisdiction have consistently held merit the withdrawal of reference from a bankruptcy court. *See, e.g., Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095, 1101 (2d Cir. 1993) (withdrawing reference for adversary proceeding based on contract claims); *Northwest Airlines, Inc. v. City of Los Angeles*, 384 B.R. 51, 58-59 (S.D.N.Y. 2008) (same). At base, the Complaint seeks an adjudication of the legal effect of an unexecuted, draft, pre-petition document that was subject to subsequent ongoing negotiations during the months prior to LBSF's bankruptcy filing. But for LBSF's subsequent chapter 11 petition, filed over a

3

year after the date of the Draft Confirmation LBSF now maintains constitutes the parties' final binding agreement, Veyance and LBSF undoubtedly would not be litigating this dispute in the Bankruptcy Court. This fact weighs strongly in favor of withdrawal here. *See, e.g., Wechsler v. Squadron, Ellenoff, Plesent & Sheinfeld LLP*, 201 B.R. 635, 639 (S.D.N.Y. 1996) (withdrawing reference where "the formation of the contract . . . occurred in the period preceding [debtor's] filing for bankruptcy protection," noting that "this case could exist independent of the bankruptcy case, since the claims are state law claims").

7. The Bankruptcy Code expressly contemplates the withdrawal of a bankruptcy court's reference with respect to matters that fall outside the scope of the bankruptcy court's jurisdiction. *See* 28 U.S.C. § 157(d); Fed. R. Bankr. P. 5011. Specifically, 28 U.S.C. § 157(d) provides in relevant part:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.

Although section 157(d) does not define "cause shown," district courts in this circuit have considered a number of factors in evaluating cause, including whether the claim or proceeding is core or non-core, promoting uniformity in bankruptcy administration, and considerations of judicial efficiency. *See, e.g., Orion Pictures Corp.*, 4 F.3d at 1101. Each and every one of these factors weighs in favor of withdrawal of the reference for the Adversary Proceeding.

### A. The Reference Should Be Withdrawn Because The Complaint Raises State Contract Law Issues That Constitute Non-Core Claims

8. "A district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *Id.* Section 157 of the Bankruptcy Code distinguishes between "core" and "non-core" bankruptcy proceedings, delineates a bankruptcy court's powers

4

to resolve these two categories of disputes, and provides a non-exclusive list of actions constituting "core" proceedings.

9. Under section 157, a bankruptcy court may hear those matters that qualify as "core" proceedings, and is empowered to enter appropriate orders and judgments resolving those disputes. On the other hand, if the proceeding is "non-core," a key distinction arises: a bankruptcy court may not enter final orders or judgments resolving the dispute, and may only submit proposed findings of fact and conclusions of law to the district court, which will consider the case *de novo*. *See* 28 U.S.C. § 157; Fed. R. Bankr. P. 9033(d). For this reason, district courts routinely withdraw the reference for proceedings that constitute "non-core" disputes, in recognition of the reality that they will eventually be called upon to weigh the merits of the claims asserted therein.

10. As interpreted by district courts in this Circuit, "[c]ore proceedings are generally defined as matters arising under title 11, or arising in a case under title 11 and which would have no existence outside of the bankruptcy case." *J.T. Moran Fin. Corp. v. American Consol. Fin. Corp.*, 124 B.R. 931, 937 (S.D.N.Y. 1991); *see also LTV Steel Co. v. City of Buffalo*, No. 00 CIV. 9429 (SHS), 2002 WL 484950, at *6 (S.D.N.Y. Mar. 29, 2002) ("Core matters are those which fall within the bankruptcy court's area of expertise."). In order to qualify as a core proceeding, these matters "must invoke a substantive right provided by title 11." *J.T. Moran Fin. Corp.*, 124 B.R. at 937.

11. In contrast, non-core proceedings "involve disputes over rights that . . . have little or no relation to the Bankruptcy Code, do not arise under the federal bankruptcy law and would exist in the absence of a bankruptcy case." *J. Baranello & Sons, Inc. v. Baharestani (In re J. Baranello & Sons, Inc.)*, 149 B.R. 19, 24 (Bankr. E.D.N.Y. 1992); *see also United Orient Bank*

5

*v. Green*, 200 B.R. 296, 298 (S.D.N.Y. 1996) ("A proceeding that involves rights created by bankruptcy law, or that could arise only in a bankruptcy case, is a core proceeding," while "[a]n action that does not depend on the bankruptcy laws for its existence and which could proceed in a court that lacks federal bankruptcy jurisdiction is non-core."); *Wechsler*, 201 B.R. at 639 ("Noncore proceedings consist of those claims arising under traditional state law which must be determined by state law. . . . They are those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or state court.") (internal quotations omitted).

12. Following the Supreme Court's landmark ruling in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, *supra*, and the resultant legislation circumscribing the jurisdiction of bankruptcy courts, courts in this Circuit have routinely held that adversary proceedings involving contract law questions relating to pre-petition "contracts" are non-core proceedings that may not be finally adjudicated by a bankruptcy court judge.[2] *See, e.g., Orion Pictures Corp.*, 4 F.3d at 1102 (holding that contract a dispute between debtor and party to pre-petition contract was non-core); *M. Fabrikant & Sons, Inc.*, 2008 WL 2596322, at *3 (noting that "[t]he parties agree that this lawsuit—a claim for breach of a pre-petition contract brought by the debtor against another party—is a non-core proceeding, which is correct as a matter of Second Circuit precedent"); *Wechsler*, 201 B.R. at 639 (holding that proceeding involving contract

---

[2] Indeed, the Supreme Court ruling that prompted the core/non-core distinction codified at section 157 definitively addressed the appropriate judicial forum for resolving state contract law claims. As the Supreme Court held in the landmark case of *Northern Pipeline*, parties litigating state law claims unrelated to bankruptcy, such as contract claims, have a constitutional right to have those claims heard by an Article III court. 458 U.S. at 83-84; *see also M. Fabrikant & Sons, Inc. v. Long's Jewelers Ltd.*, No. 08-CV-1982, 2008 WL 2596322, at *1 (S.D.N.Y. June 26, 2008) ("Congress could not constitutionally empower a non-Article III bankruptcy court with the authority to adjudicate a state breach-of-contract action, based on a pre-petition contract.") (*citing Northern Pipeline*, 485 U.S. at 84). The Supreme Court explained that, while "the restructuring of debtor-creditor relations . . . is at the core of the federal

claims "clearly is a non-core proceeding"); *Durso Supermarkets, Inc. v. D'Urso*, 170 B.R. 211, 215 (S.D.N.Y. 1994) ("This non-core Action presents no issue of bankruptcy law; rather, it alleges only state law claims of fraud and breach of contract."); *Private Capital Partners, Inc. v. RVI Guaranty Co. (In re Private Capital Partners, Inc.)*, 139 B.R. 120, 127 (Bankr. S.D.N.Y. 1992) ("[I]t is settled law in this court that a garden variety prepetition breach of contract case invokes no substantive principles of bankruptcy law and is a non-core proceeding."); *J.T. Moran Fin. Corp.*, 124 B.R. at 941 (S.D.N.Y. 1991) (holding that "adversary proceeding for a breach of a prepetition contract arising out of the defendants' prepetition and post-petition alleged defaults in paying the amounts due under the surplus notes" was a non-core proceeding, and withdrawing the reference); *see also NDEP Corp. v. Handl-It, Inc.*, 203 B.R. 905, 912-13 (D. Del. 1996) (withdrawing reference where "[t]he resolution of this adversary proceeding will not involve any decision regarding the distribution of the bankruptcy estate. [Plaintiff] . . . seeks no relief under the bankruptcy code. . . .This case involves contract . . . claims. It is the type of diversity case routinely tried in federal court and is somewhat removed from the bankruptcy court's realm of expertise.").[3]

13.     As a review of the Complaint makes clear, the resolution of the claims asserted in the Adversary Proceeding turn solely on New York state law regarding what elements are required for the formation of a legally binding and enforceable contract. *See, e.g.*, Compl. at ¶ 1 ("Veyance brings this action seeking a declaratory judgment that no contract exists between

---

bankruptcy power, [this] must be distinguished from the adjudication of state-created private rights, such as the right to recover contract damages . . . ." *Northern Pipeline*, 458 U.S. at 71.

[3]     The only exception to this universal rule arises when a party to a pre-petition contract files a proof of claim against the debtor *with respect to that contract*, such that the debtor's adversary proceeding to adjudicate the enforceability of that contract constitutes a counterclaim. *See Durso Supermarkets, Inc.*, 170 B.R. at 213-14 (holding that, because adversary proceeding filed by creditor did not "arise out of

7

Veyance and Lehman Brothers Special Financing, Inc. . . ."); *id.* at ¶ 17 ("The parties never arrived at a final agreement regarding the outstanding terms in the Draft Confirmation . . ."); *id.* at ¶ 18 ("By its language, the Draft Confirmation requires 'due execution and delivery' to 'constitute a legally valid and binding obligation.'"). Moreover, even assuming *arguendo* that the parties' ongoing negotiations during the spring and summer of 2008 somehow gave rise to contractual rights or duties (a proposition Veyance vehemently disputes), it is indisputable that any such obligations or entitlements would predate LBSF's bankruptcy filing.

### B. Withdrawal Of The Reference Will Enhance Judicial Economy, Preserve The Resources Of The Parties And Avoid Duplicative Litigation

14. In light of the case law and legislative authority discussed in section I.A., *supra*, this Court should find that the Adversary Proceeding presents non-core claims appropriate for resolution by the District Court. While "[t]he finding that this is a non-core proceeding is not wholly determinative of whether the reference should be withdrawn, . . . [t]he fact that the case is a non-core proceeding . . . weighs in favor of the District Court's withdrawal of the reference, since any determination by the Bankruptcy Court would be subject to *de novo* review." *Wechsler*, 201 B.R. at 640 (citation omitted); *see also NDEP Corp.*, 203 B.R. at 908) ("In non-core matters, the bankruptcy court's determination of the merits of the proceeding is subject to *de novo* review by the district court. Consequently . . . district courts might reasonably conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court.") (internal quotations omitted).

15. "[O]nce a district court makes the core/non-core determination, it should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Orion*

---

same transaction" as proof of claim submitted by creditor, adversary proceeding was non-core and

8

*Pictures Corp.*, 4 F.3d at 1101; *see also Durso Supermarkets, Inc.*, 170 B.R. at 213. Each of these factors favors withdrawal of the reference.

16. First, the cut-and-dry contract formation issues raised by the Complaint guarantee that the District Court's resolution of these claims will have no effect whatsoever on the uniform administration of the bankruptcy laws. *See, e.g., M. Fabrikant & Sons, Inc.*, 2008 WL 2596322, at *4 ("Withdrawing the reference would not hamper uniform administration of the bankruptcy code because this case is a 'non-core' proceeding.... The Complaint and counterclaim concern a contract dispute under New York law.").

17. Second, with respect to efficient use of judicial resources, if the District Court does not withdraw the reference, the Bankruptcy Court will be asked to provide recommended findings of fact and conclusions of law, which the District Court must review *de novo* upon the objection of any party. 28 U.S.C. § 157(c)(1). As a result, failure to withdraw the reference would effectively require a second trial before the District Court of contract claims asserted in the Adversary Proceeding. There is simply no need for the Bankruptcy Court to provide preliminary determinations concerning a type of contract dispute the District Court routinely adjudicates. Both the conservation of judicial resources and the interests of the parties in avoiding multiple litigations over identical issues counsels against having the Bankruptcy Court hear this dispute—especially in light of the Bankruptcy Court's ongoing administration of the heavy docket for LBSF's bankruptcy (and that of LBSF affiliates), which, to date, includes over 5,400 entries. Moreover, the desire for an expeditious determination of the parties rights here, before the first payment would be due, also counsels in favor of withdrawal to avoid the delay of two separate adjudications.

---

withdrawing reference).

9

18. Finally, the fact that Veyance has demanded a jury trial in this non-core proceeding weighs strongly in favor of withdrawal of the reference. *See, e.g., M. Fabrikant & Sons, Inc.*, at *3; *United Orient Bank*, 200 B.R. at 299 ("Thus, where, as here, a party demands a jury trial and refuses to consent to resolution of non-core matters by the Bankruptcy Court, the reference should be withdrawn with regard to those non-core matters."); *NDEP Corp.*, 203 B.R. at 913 ("When there has been a jury demand in a non-core proceeding, courts generally find that judicial economy would be served by withdrawal of the reference because the district court must (absent the consent of all parties) hold the trial . . . ."); *accord Durso Supermarkets, Inc.*, 170 B.R. at 214.

19. In short, withdrawal of the reference from the Bankruptcy Court is in the best interests of the parties and the judiciary. Withdrawal of the reference of these non-core claims: (1) makes the most efficient use of judicial resources by preventing the need for wasteful litigation; (2) poses no threat to the uniform application and interpretation of the bankruptcy laws; and (3) minimizes the cost and time to both parties of litigating these issues.

## WAIVER OF ACCOMPANYING MEMORANDUM OF LAW

20. This Motion to Withdraw the Reference includes citations to applicable authorities. Accordingly, Veyance respectfully requests that the Court waive and dispense with the requirement of an accompanying memorandum as set forth in Local Rule 7.1 of the Southern District of New York and Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

## NOTICE

21. A copy of these papers has been provided to LBSF (by hand delivery) at their principal place of business, and has also been provided to counsel for the Debtors, the Office of the United States Trustee, and the Department of State Process c/o The Prentice-Hall

Corporation System, Inc. In light of the relief requested, Veyance submits that no other or further notice is necessary.

22. No motion requesting the specific relief herein has been previously made to this or any other Court.

### **PRAYER FOR RELIEF**

**WHEREFORE,** Veyance respectfully requests that this Court (a) rule on the Motion to Withdraw the Reference on an expedited basis in order to allow Veyance to seek injunctive relief in the proper forum; (b) enter an order withdrawing the reference to this Court of the Adversary Proceeding; and (c) grant such other and further relief as this Court deems just and proper under the circumstances.

Dated: New York, New York
October 16, 2009

**LATHAM & WATKINS LLP**

By: /s/ Christopher Harris, Esq.
    Christopher Harris, Esq.
    885 Third Avenue, Suite 1000
    New York, New York 10022
    Telephone: (212) 906-1200
    Facsimile: (212) 751-4864

*Attorneys for Veyance Technologies, Inc.*