WEIL, GOTSHAL & MANGES LLP
Attorneys for Lehman Brothers Special Financing, Inc.
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife, Esq.
Richard W. Slack, Esq.
Robert J. Lemons, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

| | |
|---|---|
| **In re** <br> **LEHMAN BROTHERS HOLDINGS, INC.,** *et al.*, <br><br> **Debtor.** | Chapter 11 Case No. <br> 08-13555 (JMP) (Jointly Administered) |

-------------------------------------------------------X

**VEYANCE TECHNOLOGIES, INC.,**

              **Plaintiff,**

              -v-                            Adv. Pro. No. 09-01535

**LEHMAN BROTHERS SPECIAL FINANCING, INC.,**

              **Defendant.**

-------------------------------------------------------X

# ANSWER

Defendant Lehman Brothers Special Financing, Inc. ("LBSF" or the "Defendant") for its Answer to the Complaint (the "Complaint") filed by Veyance Technologies, Inc. ("Veyance" or the "Plaintiff") responds as follows:

    1.    Denies the allegations in Paragraph 1 of the Complaint, except admits that Plaintiff purports to bring this action against defendant, and states that the second sentence of this paragraph contains a legal conclusion to which no response is required (to the extent a response is required, Defendant denies the allegation).

2. Denies the allegations in Paragraph 2 of the Complaint, except admits that (i) the Plaintiff purports to seek preliminary and injunctive relief and (ii) that the first payment under the Confirmation is due on December 11, 2009.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Admits the allegations contained in Paragraph 4 of the Complaint.

5. States that the allegations contained in Paragraph 5 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies those allegations).

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Denies the allegations contained in Paragraph 7 of the Complaint, except admits that Veyance and LBSF began discussing an interest rate swap in 2008 and that Veyance and LBSF had not previously entered into such a swap, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 7.

8. Denies the allegations contained in Paragraph 8 of the Complaint, except admits that the parties agreed to the economic terms of an interest rate swap on or about May 16, 2008.

9. Denies the allegations contained in Paragraph 9 of the Complaint, except admits that LBSF agreed to set out the parties' agreement on the interest rate swap in a confirmation.

10. Denies the allegations contained in Paragraph 10 of the Complaint, except admits that on or about May 22, 2008, LBSF sent an email to Veyance and respectfully refers to the document cited for its true and complete contents.

11. Denies the allegations contained in Paragraph 11 of the Complaint, except admits that on or about July 7, 2008, LBSF sent an email to Veyance and respectfully refers to the document cited for its true and complete contents.

12. Denies the allegations contained in Paragraph 12 of the Complaint, except respectfully refers to the e-mail cited for its true and complete contents.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Denies the allegations contained in Paragraph 14 of the Complaint, except respectfully refers to the e-mail cited for its true and complete contents.

15. Denies the allegations contained in Paragraph 15 of the Complaint, except admits that certain non-material terms of the Confirmation were discussed in July, August, and early September 2008.

16. Denies the allegations contained in Paragraph 16 of the Complaint.

17. Denies the allegations contained in Paragraph 17 of the Complaint.

18. Denies the allegations contained in Paragraph 18 of the Complaint, except admits that the parties did discuss entering into a confirmation and refers to that document for its true and complete contents.

19. Denies the allegations contained in Paragraph 19 of the Complaint.

20. Denies the allegations contained in Paragraph 20 of the Complaint, except admits that on or about November 24, 2008, Veyance sent LBSF a letter and respectfully refers to that letter for its true and complete contents.

21. Denies the allegations contained in Paragraph 21 of the Complaint, except admits that on or about April 6, 2009, LBSF sent Veyance a letter and respectfully refers to that letter for its true and complete contents.

22. Denies the allegations contained in Paragraph 22 of the Complaint, except admits that on or about August 27, 2009, Veyance sent LBSF a letter, and on September 10, 2009, Latham & Watkins sent LBSF a letter, and respectfully refers to those letters for their true and complete contents.

23. Denies the allegations contained in Paragraph 23 of the Complaint.

24. Denies the allegations contained in Paragraph 24 of the Complaint, except admits that the agreement between the parties requires performance on or about December 11, 2009.

25. Admits the allegations contained in Paragraph 25 of the Complaint.

26. Denies the allegations contained in Paragraph 26 of the Complaint, except admits that LBSF has indicated to Veyance that it expects Veyance to perform on or about December 11, 2009.

## ANSWERING COUNT I

27. Reasserts and re-alleges its answer to Paragraphs 1 through 26 of the Complaint as if set forth fully herein.

28. Denies the allegations contained in Paragraph 28 of the Complaint.

29. Denies the allegations contained in Paragraph 29 of the Complaint.

30. Denies the allegations contained in Paragraph 30 of the Complaint.

31. Admits that Plaintiff purports to demand a jury trial.

## AFFIRMATIVE DEFENSES[1]

Without admitting any of the allegations of the Amended Complaint and without admitting or suggesting that Defendants bear the burden of proof on any of the following issues, as separate and independent defenses and/or affirmative defenses, Defendants state as follows:

## FIRST DEFENSE

32. There was a meeting of the minds on all material terms to the interest-rate swap transaction, and therefore, LBSF and Veyance entered into a binding agreement on or about May 16, 2008.

## SECOND DEFENSE

33. The Adversary Proceeding is barred by the doctrine of laches.

---

[1] Defendant hereby gives notice that it intends to rely upon, and hereby reserves the right to assert, other defenses when and if appropriate based on further discovery and other developments in the litigation. Nothing in this Answer shall be construed as waiving any defenses that can be raised by the Defendant to the Plaintiff's claims in the future.

Dated: November 18, 2009

                          WEIL, GOTSHAL & MANGES LLP

                          <u>/s/ Richard W. Slack</u>
                          Lori R. Fife
                          Richard W. Slack
                          Robert J. Lemons

                          767 Fifth Avenue
                          New York, NY 10153-0119
                          Telephone: (212) 310-8000

                          *ATTORNEYS FOR LEHMAN BROTHERS*
                          *SPECIAL FINANCING, INC.*